[See Bank of Columbia v. Bunnel, Case No. 863; Same v. Moore, Id. 875; Smith v. Bank of Columbia, Id. 13,011.]

Mr. Redin, for the defendant, moved the court to quash the scire facias. The order of the president of the bank is not a judgment. It is a mere statutory remedy, and a scire facias is not given by the statute. The execution is only the commencement of the suit. The scire facias has not been served. The defendant has had no notice. How can he plead? What can he plead? What would be the effect of an order of this court for an execution? Could the defendant plead to it as he might have pleaded to the first execution? By the fourteenth section of the charter, which authorizes an execution upon the order of the president of the bank, without a previous judgment, the execution must be made returnable to the court which "shall first sit after the issuing thereof." Five years have now elapsed since the order was made. That order was satisfied by the execution issued by the clerk. No new execution can issue without a new order, and upon a new affidavit, stating that

the debt is now due. From the neglect to serve the former execution, a presumption arises that the debt has been paid.

Mr. Lear, contra. By the fourteenth section of the charter, (see Laws Md. 1793, c. 30, § 14,) it is enacted that the execution issued upon the order of the president of the bank "shall be as valid, and as effectual in law, to all intents and purposes, as if the same had issued on judgment regularly obtained in the ordinary course of proceeding in the said court." A scire facias is only a notice, or rule to show cause; and, by St. Westm. 2, (13th Edw. I, c. 45,) it is given after the year and day "upon those things which are found enrolled before" the justices, "whether they be contracts, covenants, obligations, services, or customs knowledged, or other things whatsoever enrolled, wherein the king's court, without offence of the law and custom, may execute their authority." The order of the president of the bank is a matter of record, and is to be considered as enrolled; and it is a thing wherein the court, without offence of the law and custom, may execute their authority. It is, therefore, a process lawfully issued, and cannot be quashed on motion.

---

## Case No. 863.

BANK OF COLUMBIA v. BUNNEL et al.

[2 Cranch, C. C. 306.][1]

Circuit Court, District of Columbia. April Term, 1822.

WRITS — ORDER FOR EXECUTION WITHOUT JUDGMENT—NOTARY'S AND ATTORNEY'S FEES—CHARTER OF BANK OF COLUMBIA.

1. An execution issued by order of the president of the Bank of Columbia, without judg-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

ment, ought not to include the notary's fee for a protest, but if the bank releases the fee, the court will not quash the execution.

2. Such an execution may include five dollars for an attorney's fee, and the interest which has accrued upon the debt up to the time of ordering the execution.

[3. An execution issued by order of the president of the Bank of Columbia pursuant to Laws Md. 1793, c. 30, § 14, is the commencement of the action.]

[Cited in Bank of Columbia v. Sweeny, Case No. 881.]

[See Bank of Columbia v. Baker, Case No. 862; Same v. Moore, Id. 875.]

At law. Motion by Mr. Redin, for the defendant, to quash three writs of fieri facias against the defendants [Bunnel and Robertson] as endorsers of Edward Ford's note issued by order of the president of the Bank of Columbia under the 14th section of its charter of 1793, c. 30, which authorizes him, upon non-payment of a note made expressly negotiable at that bank, to order execution, "on which the debt and costs may be levied by selling the property of the defendant for the sum mentioned in the said note," "provided" the president shall "make oath" ascertaining whether the whole or what part of the debt due to the bank "on the said note," "is due." [See note at end of case.]

Mr. Redin made three objections to these executions:

1st. That each execution included five dollars for an attorney's fee;

2nd. That they included not only the debt, but the interest up to the time of ordering the executions; and

3rd. That each execution included $1.75 for cost of protest.

It has been decided by this court, and by the supreme court, that it is not necessary to protest a promissory note; and the notary's fee for protesting is no part of the legal taxable costs. No attorney's fee can be taxed upon an execution.

Mr. Key, contra. Although this is an execution, yet it is the commencement of a suit. Both parties may appear at the return and litigate the case. The bank could only appear by attorney.

THE COURT (nem. con.) decided that the fee for protest ought not to be included; and (Thruston, Circuit Judge, contra) that the attorney's fee might be included. But, upon the bank releasing the cost of protest, THE COURT (nem. con.) refused to quash the executions.

[NOTE. For a record of the levying of the writs of fieri facias on lands belonging to defendants Bunnel and Robertson in the subsequent course of litigation, see Smith v. Bank of Columbia and Bank of U. S., Case 13,011.]